IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FCCI INSURANCE COMPANY, | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | § |
| | § CASE NO. 7:23-cv-00119 |
| TYLYNNE EATON, JEREMY EATON and | § |
| LYNNZIE EATON, | § |
| | § |
| Defendants. | § |

# COMPLAINT

Plaintiff, FCCI Insurance Company, complains of Defendants, Tylynne Eaton, Jeremy Eaton and Lynnzie Eaton, and respectfully states:

*Parties, Jurisdiction and Venue*

1. Plaintiff, FCCI Insurance Company ("Surety"), is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Sarasota, Florida. Surety is authorized to do and is doing business in the State of Texas.

2. Defendant, Tylynne Eaton, is an individual citizen and resident of the State of Texas and may be served with process at his residence located at 1100 S.E. 2nd Street, Knox City, Texas 79529.

3. Defendant, Jeremy Eaton, is an individual citizen and resident of the State of Texas and may be served with process at his residence located at 5436 State Highway 222, Knox City, Texas 79529.

4. Defendant, Lynnzie Eaton, is an individual citizen and resident of the State of Texas and may be served with process at her residence located at 5436 State Highway 222, Knox City, Texas 79529.

5. Defendants, Tylynne Eaton, Jeremy Eaton and Lynnzie Eaton, are collectively referred to hereafter as the "Indemnitors."

6. Complete diversity of citizenship exists between Surety and all Defendants, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. Jurisdiction is thus proper pursuant to 28 U.S.C. §1332(a)(1).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1).

*Factual Background*

8. On or about August 28, 2020, Indemnitors executed and entered into a written General Indemnity Agreement – Contract Bonds in favor of Surety (the "GIA") to induce Surety to issue surety bonds on behalf of Eaton Construction ("Principal") so that Principal could qualify to bid on and be awarded contracts on commercial construction projects in Texas. Principal is a building contractor that performs public and private commercial improvement projects in the state of Texas.

9. Under ¶IV(A) – INDEMNITY of the GIA, Indemnitors agreed, among other things, to exonerate, indemnify, keep indemnified, and save harmless Surety from and against any and all demands, liabilities, loss, costs, penalties, obligations, interest, damages or expenses of whatever nature or kind, as well as fees of attorneys, engineering and any other outside consulting or expert fees, and all other expenses, costs and fees incurred: (1) by reason of being requested to execute or procure the execution of any Bond; (2) by having executed or procured the execution of any Bond; (3) by reason of any claim, demand, notice, action, lawsuit or cause of whatsoever kind or nature made, asserted or threatened against Surety and in any way related to a Bond; (4) investigating claims or potential claims and adjusting claims; (5) procuring or attempting to procure the discharge of Bonds; (6) by reason of the failure of Stuart to perform or comply with any of the covenants and

conditions of the GIA; (7) attempting to recover losses or expenses from Stuart or any third parties; and/or (8) in enforcing any of the covenants or conditions of the GIA.

10. Subsequent to the execution of the GIA, Principal entered into several public works improvement contracts (collectively, the "Contracts") with the City of Plano ("Plano") and Pharr Construction Co., Inc. d/b/a Pharr & Company ("Pharr") (collectively, the "Obligees") for the construction of the following public works site improvement projects located in Collin, Knox and Midland Counties (collectively, the "Projects"):

- Construction Agreement in the original amount of $972,747.75 entered into between Principal, as prime contractor, and Plano, as public owner, on or about January 11, 2021, to perform certain site improvements on the public works project known as the Evans Park Renovation Project No. 6980 located in Plano, Collin County, Texas ("Evans Park Project");

- Subcontract Agreement No. 21-003-01 in the original amount of $2,706,782.00 entered into between Principal, as subcontractor, and Pharr, as prime contractor, on or about April 30, 2021, to perform certain site improvements on the public works project known as the Benjamin Phase 1 Site Improvements – New Football Field & Track Project for the Benjamin ISD located in Benjamin, Knox County, Texas ("Benjamin ISD Project"); and

- Subcontract Agreement No. 20-005-16 in the original amount of $182,027.00 entered into between Principal, as subcontractor, and Pharr, as prime contractor, on or about December 10, 2020, to perform certain site improvements on the public works project known as the MARC ADMIN/PARK/DAY USE Project for MARC located in Midland, Midland County, Texas ("MARC Park Project").

11. At the request of Indemnitors, and induced by and in reliance on the GIA, Surety, as surety, and Principal, as principal, executed and issued to the Obligees, as obligee, the following performance and payment bonds (collectively, the "Bonds") regarding the Contracts:

- A Performance Bond and a Payment Bond, both bearing No. 4404535 and in the penal sum of $972,747.75, regarding the Evans Park Project (collectively, the "Evans Park Bonds");

- A Subcontract Performance Bond and a Subcontract Labor and Material Payment Bond, both bearing No. 4404965 and in the penal sum of $2,706,782.00, regarding the Benjamin ISD Project (collectively, the "Benjamin ISD Bonds"); and

- A Subcontract Performance Bond and a Subcontract Labor and Material Payment Bond, both bearing No. 4405141 and in the penal sum of $182,027.00, regarding the MARC Park Project (collectively, the "MARC Park Bonds").

The Bonds were executed and issued to guarantee Principal's performance and payment obligations under the Contracts (with the Evans Park Bonds also being governed by Chapter 2253 of the Texas Government Code).

12. Subsequent to the issuance of the Bonds, Surety received several claims and demands under the Bonds from the Obligees for performance of Principal's obligations under the Contracts and from unpaid laborers and vendors who had supplied labor and/or material to Principal on the Projects. As a result, Surety initiated an investigation of each of said claims and demands. During said investigation, Principal informed Surety that it had: (i) become financially unable to perform and/or complete performance of the work and pay all the costs of labor and material primarily on the Evans Park Project, and (ii) requested that Surety provide various financial assistance to continue performance of the work and to pay various costs of labor and material owed to unpaid laborers and vendors primarily on the Evans Park Project.

13. By letter dated October 21, 2022, Principal advised Plano that it was: (i) financially unable to perform or complete the performance of the work under the Contracts and/or comply with its contractual obligations on the Evans Park Project, (ii) in default under the terms of said Contracts, and (iii) irrevocably and voluntarily abandoning and terminating the Contract on the Evans Park Project effective immediately (the "Eden Terminations"). Plano subsequently made demand upon Surety under the Evans Park Bonds to fulfill its obligations as the guarantor of Principal's performance on the Evans Park Project.

14. In addition, by letter dated March 20, 2023, Pharr made demand upon Surety for correction of certain work performed by Principal (since it was no longer in business) on the MARC

Park Project as part of its obligations as the guarantor of Principal's performance under the MARC Park Bonds.

15. As a result of the claims and demands submitted against Surety by the Obligees and the unpaid payment bond claimants under the Bonds, Surety has incurred and paid losses and expenses of investigation and in enforcing the provisions of the GIA as of the filing of this Complaint in the amount of $1,100,014.27as follows:

**Evans Park Bonds:**

| | |
|---|---:|
| Performance/Payment Bond Loss: | $819,788.53 |
| Expense: | $100,334.44 |
| **Sub-Total:** | **$920,122.97** |

**Benjamin ISD Bonds:**

| | |
|---|---:|
| Payment Bond Loss: | $80,983.03 |
| Expense: | $15,158.27 |
| **Sub-Total:** | **$96,126.30** |

**MARC Park Bonds:**

| | |
|---|---:|
| Performance Bond Loss: | **$83,765.00** |
| **Total:** | **$1,100,014.27** |

Surety has credited the amount of $265,983.36 against said incurred and paid losses and expenses as a result of its receipt of Contract funds from Plano and Pharr on the Evans Park Project and the Benjamin ISD Project. Accordingly, the total net losses and expenses incurred and paid by Surety as of the date of the Complaint resulting from Surety having executed and issued the Bonds on behalf of Principal on the three bonded Contracts is $834,030.91.

16. All conditions precedent to Surety's right to recover from Indemnitors under the GIA, if any, have occurred or have been performed, excused or waived.

## *Claim for Indemnity*

17. Surety realleges Paragraphs 1 through 16 above as if set forth in full herein.

18. First, Indemnitors have materially breached the terms of the GIA by failing to fully exonerate, indemnify, defend and hold harmless Surety from and against the losses incurred and paid by Surety under the Bonds and expenses of investigation and enforcement of the GIA incurred and paid by Surety less the credit for recovery of Contract funds, for a combined amount of net incurred and paid loss and expense as of the filing of this Complaint of $834,030.91. Indemnitors are jointly and severally liable to Surety for said monetary damages under the GIA, for which Surety now sues.

19. Second, Surety will incur additional expenses in the future, including attorney's fees and costs of suit, until Indemnitors have fully indemnified Surety and performed their obligations to Surety under the GIA. Indemnitors are jointly and severally liable to Surety for said future monetary damages under the GIA, for which Surety now sues.

20. Third, Surety also sues Indemnitors, jointly and severally, for prejudgment and post-judgment interest on all losses and expenses incurred and paid by Surety at the rate of 10% per annum under ¶IV(B) – INDEMNITY of the GIA and costs of court.

WHEREFORE, Plaintiff, FCCI Insurance Company, respectfully requests that Defendants, Tylynne Eaton, Jeremy Eaton and Lynnzie Eaton, be cited to appear and answer and, upon trial hereof, prays that judgment be entered against Defendants, jointly and severally, awarding Surety actual damages in the amount of at least $834,030.91 plus all future damages incurred by Surety in this matter, its reasonable and necessary attorney's fees, prejudgment and post-judgment interest at the rate of 10% per annum, all court costs, and such other and further relief to which Surety may be justly entitled at law or in equity.

Respectfully submitted,

*/s/ Robert M. Fitzgerald*
Robert M. Fitzgerald
Texas State Bar No. 07088900
Law Offices of Robert M. Fitzgerald, PC
1219 FM 314
Van, Texas 75790
(903) 963-7550
(903) 963-7551 (Fax)
Email: rfitzgerald@rmflaw.net
*Attorneys for Plaintiff, FCCI Insurance Company*